UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARLES MCCLINTON,

              Plaintiff,

    -against-

SUFFOLK COUNTY POLICE 3RD PRECINCT,
THOMAS J. WISELY, CHARLES A. GAMBINO,
STEVEN J. D'AMICO, PETER W. HANSEN,
ANDREW HEFFERNANN, ROBERT W. DOYLE,
VORATHIP CHINOOKOSWONG, CRAIG E.
McELWEE, SUFFOLK COUNTY DIVISION OF
MEDICAL - LEGAL INVESTIGATIONS
FORENSIC CRIME LABORATORY

              Defendants.
-------------------------------------------------------------X
CHARLES MCCLINTON,

              Plaintiff,

    -against-

SUFFOLK COUNTY, SHERIFF VINCENT F.
DEMARCO, CORRECTIONAL OFFICER
SPRINKSTEEN, BADGE #1412, SERGEANT
R. SCHENKMAN, BADGE #S-213,
CORRECTIONAL OFFICER FORIE, BADGE #
1484, SERGEANT DAVIS, BADGE #S-148,
CHARLES EWALD-WARDEN,

              Defendants.
-------------------------------------------------------------X
CHARLES MCCLINTON,

              Plaintiff,

    -against-

CHARLES EWALD-WARDEN,

              Defendant.
-------------------------------------------------------------X

ORDER
12-CV-3777 (JFB)(GRB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2012 ★
LONG ISLAND OFFICE

ORDER
12-CV-3949 (JFB)(GRB)

ORDER
12-CV-5283 (JFB)

JOSEPH F. BIANCO, District Judge:

Since July 26, 2012, incarcerated *pro se* plaintiff Charles McClinton ("plaintiff") has filed four *in forma pauperis* civil cases in this Court against a variety of defendants, all of whom are Suffolk County law enforcement officers, judges, prosecuting attorneys, or the County itself. See McClinton v. Suffolk County 3rd Precinct, et al., 12-CV-3777(JFB)(GRB); McClinton v. Suffolk County, et al., 12-3949(JFB)(GRB); McClinton v. DeMarco, et al., 12-CV-4992(JFB)(GRB)[1]; and McClinton v. Ewald, 12-5283(JFB).

By Order dated September 12, 2012, in case bearing docket number 12-CV-3949, the Court granted plaintiff's application to proceed *in forma pauperis*, denied the application for the appointment of *pro bono* counsel, and ordered service of the complaint by the United States Marshal Service. On September 28, 2012, plaintiff moved to amend his complaint. The Court granted that application by Order dated October 4, 2012. On October 24, 2012, defendants Davis, DeMarco, Forie, Schenkman, Sprinksteen and Suffolk County filed an answer to the amended complaint. On October 31, 2012, plaintiff filed another motion to amend the complaint.

By Order dated October 3, 2012 under case numbered 12-CV-3777, the Court granted plaintiff's application to proceed *in forma pauperis*, but *sua sponte* dismissed his claims as against Judge Doyle, ADA Heffernan, the Suffolk County Police 3rd Precinct and the Suffolk County Division of Medical-Legal Investigations Forensic Crime Lab with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and dismissed his claims as against Hansen, Chinookswong, McElwee and Suffolk County without prejudice and with leave to file an

---

[1] The complaint assigned docket number 12-4992 raises discrete issues unrelated to the other cases filed by plaintiff and thus is not further addressed in this Order.

amended complaint within thirty (30) days from the date that the order was served upon him. On October 31, 2012, plaintiff filed a motion seeking leave to file an amended complaint and included a copy of the proposed amended complaint. Notwithstanding the Court's dismissal of plaintiff's claims against the Suffolk County Police 3rd Precinct, ADA Heffernan and Judge Doyle the proposed amended complaint again names them as defendants. Similarly, in case numbered 12–CV-3949, the proposed amended complaint seeks to add these parties. In addition, the captions on the proposed amended complaint submitted by plaintiff in both 12-CV-3777 and 12-CV-3949 are identical, as are the allegations therein.

With regard to 12-CV-5283(JFB), though plaintiff styles this case as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, it appears that it is improperly brought at this time. Given plaintiff's allegations that he is a pre-trial detainee (*see* complaint in 12-CV-3949), his pre-conviction habeas petition is premature. Similarly, he does not appear to have exhausted any of the claims set forth in the petition as he is required to do. *See* 28 U.S.C. § 2254(b)(1). Moreover, because the gravamen of his claims as set forth in the petition arise from the same nucleus of facts alleged in 12-CV-3777 and 12-CV-3949, it appears that plaintiff's habeas petition is a duplicate of his pending Section 1983 claims.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion to determine whether consolidation is appropriate. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990). Although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Id. at 1285. In determining whether consolidation is appropriate,

the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (internal quotations and citations omitted). The Court has considered each of these factors and finds that, given the convoluted procedural history, consolidation is appropriate. Accordingly, plaintiff is directed to file a second amended complaint bearing docket number 12-CV-3777(JFB)(GRB). The second amended complaint shall include all defendants plaintiff seeks to sue for the alleged violation of his constitutional rights pursuant to Section 1983 with the exception of the defendants who have already been dismissed with prejudice, namely Suffolk County Police 3rd Precinct, Andrew Heffernann and Hon. Robert W. Doyle. The second amended complaint will be deemed the operative complaint and will completely replace the earlier complaints, and does not simply add to the complaints filed by plaintiff in 12-CV-3777, 12-CV-3949 and 12-5283. Therefore, plaintiff should be sure to include all claims and factual allegations that the plaintiff seeks to pursue in this litigation. The second amended complaint shall be filed within thirty (30) days from the date that this order is served upon the plaintiff and shall be clearly labeled "Second Amended Complaint" and bear docket number "12-CV-3777(JFB)(GRB)." Plaintiff is warned that his failure to timely comply with this Order will lead to the dismissal of his complaint with prejudice. The case is stayed pending plaintiff's filing of the Second Amended Complaint.

Given the consolidation of plaintiff's cases as set forth in this Order, the Clerk of the Court is directed to close cases 12-3949 and 12-5283 and all further filings for those cases should

be made under docket 12-3777.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

Joseph F. Bianco
United States District Judge

Dated: November 21, 2012
Central Islip, New York